**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4212**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

JUAN SANCHEZ,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:20-cr-00010-JPJ-PMS-1)

_____

Submitted:  January 27, 2022                                      Decided:  February 2, 2022

_____

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Sanchez appeals from his 48-month sentence entered pursuant to his guilty plea to possession of a weapon by an inmate. On appeal, Sanchez contends that the upward variance in this case, from the Sentencing Guidelines range of 27 to 33 months in prison, rendered his sentence both procedurally and substantively unreasonable. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 51. "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (brackets and internal quotation marks omitted).

If we find no procedural error, or find that such error is harmless, we also must consider the substantive reasonableness of the sentence in view of the totality of the circumstances. *Gall*, 552 U.S. at 51. When a district court departs from or imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though [this court] might reasonably conclude that a different

2

sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (internal quotation marks, ellipsis, and brackets omitted).

Sanchez first asserts that the district court failed to provide a sufficient explanation for its upward variance. However, the district court discussed Sanchez's criminal and personal history, both in and out of prison, noting that he was transferred due to the finding that he was a threat to a correctional officer. The court explained the safety hazards that can result from weapons in a maximum-security federal prison, even weapons ostensibly possessed for protection. The district court stated that the § 3553(a) factors of just punishment and specific and general deterrence justified the upward variance. While the variance in this case was substantial, the district court's explanation was appropriate, detailed, and individualized, rendering Sanchez's sentence procedurally reasonable.

Next, Sanchez argues that his sentence is substantively unreasonable because the district court relied on factors already considered by the Guidelines and which would be present in any case of possession of a weapon in prison. However, as discussed, the district court explicitly noted that the possession of a weapon was especially serious in a maximum-security facility, where the breakdown of security and discipline poses an even greater threat to inmates and staff. Moreover, the court noted Sanchez's history of gang membership and threatening behavior in prison. These factors are not accounted for in the Guidelines. Furthermore, the district court specifically relied upon the necessity for both general and specific deterrence in Sanchez's situation to help stem the violence in his, and similar, institutions. *See United States v. Lee,* 974 F.3d 670, 677 (6th Cir. 2020) (noting

3

that a variance based on the need for deterrence may be substantively reasonable if "uniquely problematic criminal history demonstrates a specific need for deterrence beyond that already captured by the guidelines"); *United States v. Irey,* 612 F.3d 1160, 1212 (11th Cir. 2010) ("The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others."). The district court varied upward based on these relevant considerations as they relate to the § 3553(a) factors. Thus, the district court did not abuse its discretion in imposing the upward variance.

Because the sentence imposed by the district court is procedurally and substantively reasonable, we affirm Sanchez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4